UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
JUAN DIAZ, :
:
                  Petitioner, :      14-CR-442 (JMF)
:       16-CV-6710 (JMF)
    -v- :
:    MEMORANDUM OPINION
UNITED STATES OF AMERICA, :         AND ORDER
:
                  Respondent. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Petitioner Juan Diaz was convicted, following a guilty plea, of conspiracy to commit Hobbs Act robbery and using or carrying a firearm during and in relation to a crime of violence, and sentenced principally to ninety months' imprisonment. (Docket No. 99).[1] Proceeding *pro se*, he now moves, pursuant to Title 28, United States Code, Section 2255, to vacate, set aside, or correct his sentence, alleging that (1) he received ineffective assistance of counsel in connection with his guilty plea and sentencing; and (2) his conviction for using or carrying a firearm during and in relation to a crime of violence should be vacated because conspiracy to commit Hobbs Act robbery does not qualify as a "crime of violence." (Docket No. 100 ("Pet'r's Mem.")).

      Section 2255 permits a prisoner in federal custody to challenge his sentence on the ground that it "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). As a general matter, a Section 2255 motion requires a hearing unless files and records conclusively show that the prisoner is entitled to no relief. *See* 28 U.S.C. § 2255(b); *see also Machibroda v. United States,* 368 U.S. 487, 494 (1962); *Pham v. United States,* 317 F.3d

---

[1]    Unless otherwise noted, all docket citations are to the criminal case, 14-CR-442 (JMF).

178, 184 (2d Cir. 2003).  No hearing is required, however, where the petitioner's allegations are "vague, conclusory, or palpably incredible."  *Machibroda,* 368 U.S. at 495.  Instead, to warrant a hearing, the petitioner "must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief."  *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013).

Applying those standards here, and upon due consideration of all the parties' submissions (Docket Nos. 99-100, 102; 16-CV-6710 (JMF), Docket No. 6), Diaz's petition is DENIED in its entirety and without an evidentiary hearing, substantially for the reasons stated in the Government's memorandum of law in opposition.  (Docket No. 102 ("Gov't Mem.")).  As an initial matter, Diaz waived many — if not most — of his claims in his plea agreement.  (*See* Gov't Mem., Ex. B; Docket No. 71 ("Plea Tr."), at 18-19).  *See Fernandez v. United States*, No. 12-CR-445 (JMF), 2016 WL 4735370, at *3 (S.D.N.Y. Sept. 12, 2016) ("The Second Circuit has repeatedly — and emphatically — held that a defendant's knowing and voluntary waiver of the right to appeal a sentence is generally valid and enforceable." (citing cases)).

To the extent that Diaz did not waive his claims of ineffective assistance, he offers little more than conclusory assertions and generalizations to support the claims.  (*See, e.g.*, Pet'r's Mem. 15 (alleging a "complete lack of communication" prior to the plea); *id.* at 17 (alleging that counsel "failed to reasonably consult with Diaz," "push[ed] him into pleading guilty," and failed to respond to Diaz's unspecified "request for information"); *id.* at 24 (alleging that counsel "failed to correctly familiarize himself with the relevant facts" and "applicable case law," did not advise Diaz of the "correct options available," and made unspecified "misrepresentations of materials facts"); *id.* at 26 (alleging that counsel "failed to properly review, explain and discuss" the presentence report with Diaz)).  The claims must be, and are, rejected on that basis alone.

*See, e.g.*, *Fernandez*, 2016 WL 4735370, at *4 (rejecting a Section 2255 claim where the petitioner "proffer[ed] no facts that would support his claims"); *Rosa* v. *United States*, 170 F. Supp. 2d 388, 399, 403 (S.D.N.Y. 2001) (dismissing a Section 2255 motion where the petitioner gave "no explanation of precisely what his attorney failed to do," offering "nothing but a list of conclusory allegations of being 'forced' to sign the agreement, of some unidentified person 'lying' to him regarding his sentence, of his 'rushing' into the plea without investigation and the plea not having been 'knowingly and intelligently' made").

And in any event, Diaz's assertions are flatly refuted by the record (including his own sworn statements in connection with his guilty plea and his statements at sentencing), which makes clear that counsel zealously fought on his behalf through and including sentencing. (*See* Gov't Mem. 13-20, 22-23 (discussing the record, including the transcript of Diaz's plea and sentencing)). *See, e.g.*, *Blackledge* v. *Allison*, 431 U.S. 63, 74 (1977) (finding that a defendant's guilty plea statements "constitute a formidable barrier in any subsequent collateral proceedings" because "[s]olemn declarations in open court carry a strong presumption of verity" and any contrary "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); *see also, e.g.*, *Garafola v. United States*, 909 F. Supp. 2d 313, 331 (S.D.N.Y. 2012) (summarily dismissing a claim that "wholly contradicts the petitioner's previous sworn statements in court at the plea proceeding — that the petitioner understood the charges against him and that he had adequate time to discuss the charges and the Plea Agreement with his attorney").

Diaz's second contention — that his conviction for using and carrying a firearm during and in relation to a crime of violence, in violation of Title 18, United States Code, Section 924(c), should be vacated because conspiracy to commit Hobbs Act robbery is not a "crime of

violence" (Pet'r's Mem. 30-33) — is squarely foreclosed by Second Circuit precedent. *See United States v. Hill*, 832 F.3d 135, 146 (2d Cir. 2016) (holding that Section 924(c)(3)(B) — the "risk-of-force clause" — remains constitutional despite the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015)); *United States v. Elder*, 88 F.3d 127, 129 (2d. Cir. 1996) ("[A] Hobbs Act conspiracy to commit robbery is by definition a conspiracy that involves a substantial risk that physical force may be used against the person or property of another.").

Accordingly, Diaz's motion is DENIED in its entirety. As Diaz has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253; *see also Lozada v. United States*, 107 F.3d 1011, 1015-16 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255, 259-60 (2d Cir. 1997). Moreover, this Court certifies pursuant to Title 28, United States Code, Section 1915(a)(3) that any appeal from this Order would not be taken in good faith, so *in forma pauperis* status is denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close Docket No. 16-CV-6710, to terminate Docket No. 99 in 14-CR-442, and to mail a copy of this Memorandum Opinion and Order to Diaz.

SO ORDERED.

Date: January 11, 2017
New York, New York

_____
JESSE M. FURMAN
United States District Judge

4